STATE OF WISCONSIN          CIRCUIT COURT          ONEIDA COUNTY

ROBERT W. FELLAND,
P.O. Box 786
Three Lakes, WI 54562

        Plaintiff,

    v.

PATRICK CLIFTON,
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

CLIFTON MERIDIAN LLC,
A limited liability company
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

CM La PERLA de PEÑASCO,
S. De R.L. De C.V., a Mexican
Corporation
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

        Defendant.

> ONEIDA COUNTY
> FILED
>
> JUN 0 1 2010
>
> CLERK OF CIRCUIT COURT

Case No: 10CU267

  Case Code: 30106

JUDGE ASSIGNED TO THIS CASE:
PATRICK F. O' MELIA
ONEIDA COUNTY COURTHOUSE
RHINELANDER, WI 54501
715 - 369-6157

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other

legal action against you. The Complaint, which is attached, states the nature and basis of

the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a

written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the

Exhibit 2

Complaint.   The court may reject or disregard an answer that does not follow the requirements of the statutes.   The answer must be sent or delivered to the court, whose address is Oneida County Courthouse, Oneida Avenue, P.O. Box 400, Rhinelander, WI 54501-0400, and to Plaintiff's attorneys, Jon P. Axelrod and Dennis P. Birke at DeWitt Ross & Stevens S.C., at Two East Mifflin Street, Suite 600, Madison, WI 53703-2865. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.   A judgment may be enforced as provided by law.   A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

If you require the assistance of auxiliary aids or services because of a disability, call (608) 266-9138 and ask for the Court ADA Coordinator.

Dated this 27th day of May, 2010.

DEWITT ROSS & STEVENS S.C.

By:_____
Jon P. Axelrod (#1012131)
Dennis P. Birke (#1018345)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891

Attorneys for Plaintiff
Robert W. Felland

STATE OF WISCONSIN          CIRCUIT COURT          ONEIDA COUNTY

ROBERT W. FELLAND,
P.O. Box 786
Three Lakes, WI 54562

       Plaintiff,

    v.

PATRICK CLIFTON,
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

CLIFTON MERIDIAN LLC,
A limited liability company
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

CM La PERLA de PEÑASCO,
S. De R.L. De C.V., a Mexican
Corporation
14550 N. Frank Lloyd Wright Blvd.
Suite 210
Scottsdale, AZ 85260

       Defendant.



ONEIDA COUNTY
FILED
JUN 0 1 2010
CLERK OF CIRCUIT COURT

Case No: 10CU267
Case Code: 30106

## COMPLAINT

Plaintiff Robert W. Felland, by his attorneys, DeWitt Ross & Stevens S.C., as and

for his Complaint against Defendants Patrick Clifton, Clifton Meridian LLC and CM La

Perla de Peñasco, S. De R.L. De C.V., allege and state as follows:

### SUMMARY OF CLAIM

1.     This is an action for fraud and rescission arising from a failed Mexican

condominium development project. The project's developer, Defendant Patrick Clifton,

a resident of Arizona, together with two businesses that he owns and/or controls,

REVIEWED
Docketed _____ 9/2
Date 7/28/10

Defendants Clifton Meridian LLC and CM La Perla de Peñasco, S. De R.L. De C.V., fraudulently induced Plaintiff Robert W. Felland and others to pay substantial amounts as down-payments for units in a to-be-constructed condominium project.

2.    Defendants induced Plaintiff and others to make such down-payments by representing that construction of the project was set to begin and would proceed on a schedule that would permit delivery of completed condominium units to buyers by a date certain.

3.    Defendants made such representations knowing they were untrue.  In fact, Defendants knew at the time, but failed to disclose, that:

(a)    They did not have sources of financing for the construction of the condominium project.

(b)    The only contemplated source of financing for the construction project would be the down-payments received from the sale of additional condominium units.  This is analogous to a "Ponzi" scheme in that only future down-payments from other investors would supply the funds needed to complete the construction of Plaintiff's condominium unit.

(c)    An insufficient number of units had been sold to allow construction to proceed.

(d)    Defendants did not know when, if ever, sufficient units would be sold to finance construction of the project.

4.    Despite such knowledge, Defendants, through a series of mailings and emails into the State of Wisconsin and Oneida County, induced Plaintiff to continue paying down-payment installments from the State of Wisconsin, thereby defrauding

Plaintiff in an amount exceeding $200,000. Plaintiff brings this action to recover the money paid to Defendants through their fraudulent scheme.

## PARTIES

5.     Plaintiff Robert W. Felland is an adult with a residence in the Town of Three Lakes, in Oneida County, Wisconsin.

6.     Upon information and belief, Defendant Patrick Clifton is a resident of the State of Arizona who conducts business at 14550 North Frank Lloyd Wright Boulevard, in Scottsdale, Arizona.

7.     Defendant Clifton Meridian LLC ("Clifton Meridian") is an entity organized and existing under the laws of the State of Arizona, with offices at 14550 North Frank Lloyd Wright Boulevard, in Scottsdale, Arizona. Clifton Meridian is owned and/or controlled by Patrick Clifton.

8.     Defendant CM La Perla de Peñasco, S. De R.L. De C.V. is a corporation with offices at 14550 North Frank Lloyd Wright Boulevard, in Scottsdale, Arizona. CM La Perla de Peñasco, S. De R.L. De C.V. is owned and/or controlled by Patrick Clifton.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction as to the Defendants pursuant to Wis. Stat. § 801.05(4)(a) in that Plaintiff has sustained losses that arise from solicitation activities carried on within this state by or on behalf of the Defendants.

10.     Venue in this Court is proper pursuant to Wis. Stat. § 801.50(a) in that the claim arose in Oneida County.

## ALLEGATIONS

11.     Clifton Meridian is a real estate development firm based in Scottsdale, Arizona owned and/or controlled by Patrick Clifton. Clifton Meridian claims to

3

specialize in building upscale beachfront residential projects located primarily in Northern Mexico.

12.     In 2005, Patrick Clifton and Clifton Meridian LLC undertook to develop a luxury high rise condominium project, called "La Perla del Mar" ("La Perla Project"), in Puerto Peñasco, Mexico.

13.     Puerto Peñasco is a beachfront community located in the Mexican state of Sonora, on the northern shores of the Sea of Cortez, approximately 30 miles from the Arizona border.

14.     Upon information and belief, Patrick Clifton caused a Mexican corporation to be formed, Defendant CM La Perla de Peñasco, S. De R.L. De C.V., which he owned and/or controlled, to serve as the owner of the property on which the La Perla Project was to be constructed and to facilitate the sale of condominium units in the La Perla Project.

15.     CM La Perla de Peñasco, S. De R.L. De C.V. maintained a sales office for the La Perla Project in Puerto Peñasco, where it employed one or more sales representatives who were also employed by or affiliated with Clifton Meridian.

16.     In February 2006, while vacationing in Arizona, Plaintiff and his wife, Linda Felland (collectively the "Fellands"), made an excursion to Puerto Peñasco. During their visit, the Fellands toured the La Perla Project model unit, met with the Defendants' sales representative, Jon Puckett, and received printed information that identified the La Perla Project as "A Clifton Meridian Community."

17.     During the sales presentation, the Fellands were told that construction of the La Perla Project was to start in a few weeks and would be completed no later than

early 2008.   The Fellands were not informed that Defendants had not secured construction financing or that the initiation of construction was contingent upon the sale of additional units.

18.     Relying upon the truth and accuracy of the Defendants' representations, Plaintiff, on or about February 23, 2006, signed a "Reservation of Unit" and paid a refundable $5,000.00 deposit.   The "Reservation of Unit," a copy of which is attached as Exhibit A, identified Patrick Clifton as the "representative" and "Manager" of CM La Perla de Peñasco, S. De R.L. De C.V.

19.     Under the terms of the Reservation of Unit, a buyer wishing to finalize the purchase of the unit had to sign a form of contract under the laws of Mexico called a "Promise of Trust Agreement" ("PTA").

20.     On or about March 5, 2006, Mr. Puckett sent an email to the Fellands, who were then in Arizona, to confirm plans to visit Puerto Peñasco to execute the PTA.   The email showed Mr. Puckett's email address as JPuckett@cliftonmeridian.com.   The email also showed that Mr. Puckett had sent copies of the email to pclifton@cliftonmeridian.com and jsilkey@cliftonmeridian.com.

21.     On or about March 9, 2006, Plaintiff signed the PTA.   The PTA states that CM La Perla de Peñasco, S. De R.L. De C.V. was "represented by Patrick A. Clifton."

22.     In the PTA, Defendants represented unconditionally that the La Perla Project "will be built" and "commits to deliver" Plaintiff's condominium unit "no later than January 31, 2009."

23.     The purchase price for Plaintiff's unit was $680,000.   The PTA required a 30 percent down-payment (totaling $204,000), payable in three installments of $68,000

5

each over the next 90 days.  Having already paid $5,000 when the Reservation of Unit was signed, Plaintiff tendered a check for an additional $63,000 when the PTA was signed.  A copy of the check is attached as Exhibit B.

24.    Plaintiff was told that a fully executed copy of the PTA would be mailed to him once it had been signed by Patrick Clifton.

25.    When the next $68,000 payment was due in early April 2006, Mrs. Felland, while in Oneida County, send an email to the Defendants' sales representative, Jon Puckett, indicating that Plaintiff was "talking about canceling" the purchase because, among other things, "no signed documents" had been received, that a telephone call had not been returned and that they had "no receipts/verifications that we have put down the first installment."  Mrs. Felland, on behalf of Plaintiff, also sought assurances that the project was on track before sending the next payment.

26.    Mr. Puckett responded by email, which the Fellands received in Oneida County, indicating that the developer "was sending out the countersigned PTA ASAP." The email identified "Patrick" as the developer and assured the Fellands that "you can call him at any time."  Mr. Puckett also indicated that he would call Mr. Felland "to address any concerns he may have."  A copy of the email is attached as Exhibit C.

27.    The developer then mailed an envelope, postmarked April 10, 2006, to the Fellands in Oneida County, containing the PTA as signed by Patrick A. Clifton and a "Statement" showing receipt of the first $68,000.  The PTA, as signed by Mr. Clifton, included unconditional representations that the La Perla Project "will be built" and that the Fellands' unit would be delivered "no later than January 31, 2009."

6

28.     Based upon these assurances, Plaintiff mailed checks from his residence in Oneida County to the developer's Scottsdale address in April and May 2006, each in the amount of $68,000.  Copies of the checks are attached as Exhibit D and E.

29.     Thereafter, Defendants repeatedly postponed commencement of construction, but always assured buyers, including Plaintiff, via emails that construction would soon begin.  In 2007 and 2008, Defendants forwarded photographs purporting to show the commencement of excavation.  A short time later, however, construction was halted.

30.     Defendants failed to deliver the Fellands' condominium by January 31, 2009 or anytime thereafter.

31.     On February 10, 2009, Defendant Patrick Clifton also sent an email to all owners stating, among other things:

> Unfortunately I must be very clear about the following:  if anyone, I don't care who they are, engages in any activities to deliberately sabotage our financing attempts by organizing some type of legal action against the project or spread malicious and false lies about the project or developer I will assure you that we will take immediate and punitive legal action against the party or parties at fault.

32.     When Defendants failed to deliver Plaintiff's condominium by January 31, 2009, Plaintiff, through his attorney, demanded that Defendants refund their $204,000 payment, but Defendants refused.

33.     On or about April 9, 2009, Plaintiff, through his attorney, requested copies of any construction financing agreements or commitments in place at the time Plaintiff paid the $204,000 in 2006.  In a telephone call shortly thereafter, the Defendants' attorney advised that there were no such construction finance agreements or commitments.  In an email dated April 29, 2009, the developer's attorney indicated,

7

among other things, that there was no "funding when your client signed on" and that "advance sales were funding the undertaking of the project."

34.     Upon information and belief, construction of the La Perla Project has not advanced beyond the limited and preliminary work performed in 2007 and 2008, and Defendants have neither the means nor the intention to perform their obligations under the PTA.

## FIRST CLAIM FOR RELIEF
### (Intentional Misrepresentation - All Defendants)

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as paragraph 35.

36.     Defendants made representations of fact in that they represented to Plaintiff in February, March and April 2006, without qualification, that construction of the La Perla project was set to begin.

37.     Plaintiff believed the Defendants' representations and relied upon the representation when he agreed to purchase a condominium unit in the La Perla Project and when he paid the sum of $204,000 toward the purchase price.

38.     Defendants' representations were untrue in that Defendants had not either secured a source for financing construction of the La Perla Project or sold sufficient units to finance construction of the Project on the basis of advanced sales.

39.     Defendants made these untrue representations knowing that they were untrue or made such representations recklessly without caring whether they were true or false.

8

40. Defendants made these representations with the intent to deceive and induce Plaintiff into paying money to Defendants, thereby causing pecuniary damage to Plaintiff in the sum of $204,000.

41. Defendants acted maliciously toward Plaintiff or with an intentional disregard of Plaintiff's rights.

### SECOND CLAIM FOR RELIEF
### (Rescission - CM La Perla de Peñasco, S. De R.L. De C.V.)

42. Plaintiff incorporates by reference paragraphs 1 through 41 as paragraph 42.

43. Defendants, including CM La Perla de Peñasco, S. De R.L. De C.V., through representations of facts they knew to be false, fraudulently induced Plaintiff to sign a contract (the PTA) for the purchase of a condominium unit in the La Perla Project and to make payments totaling $204,000 toward the purchase price of the condominium unit.

44. Despite their failure to perform their obligations under the parties' contract, Defendants wrongfully have failed and refused to refund to Plaintiff any amount paid in connection with the contract.

45. Because Plaintiff's assent to the PTA was procured through fraudulent misrepresentations, equity and justice require that the PTA be rescinded.

WHEREFORE, Plaintiff Robert W. Felland respectfully requests that the Court enter relief that includes:

(a)     Entry of an order that rescinds the parties' contract;

(b)     Entry of a money judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the sum of $204,000;

(c)     An award of punitive damages; and

(d)     Such other and further relief as the Court deems just and proper.

Dated this 27th day of May, 2010.

DeWitt Ross & Stevens s.c.

By: _____

Jon P. Axelrod (#1012131)
Dennis P. Birke (1018345)
Two East Mifflin Street, Suite 600
Madison, WI  53703-2865
608-255-8891

Attorneys for Plaintiff
Robert W. Felland

10



## LA PERLA DEL MAR

### RESERVATION OF UNIT

This Reservation of Unit ("Reservation") is executed by and between CM LA PERLA DE PEÑASCO, S. DE R. L. DE C.V., represented by Patrick Clifton, hereinafter referred to as "Seller", and _Robert Felland_ , hereinafter referred to as "Prospective Buyer".

The Prospective Buyer hereby reserves Condo Unit #_1201_ ("Unit") in the tourist development known as La Perla del Mar in Puerto Peñasco, Sonora, Mexico, and a deposit in the amount of Five Thousand Dollars ($5,000.00) ("Deposit"), receipt of which is hereby acknowledged by the Seller, is made and accepted upon the following terms and conditions:

1.      The Purchase Price for the Unit shall be $ _680,000_ Dollars or its equivalent in Mexican pesos calculated at the selling rate of exchange determined by Banco de Mexico, as of the date of the payment. The deposit shall be made payable to between CM LA PERLA DE PEÑASCO, S. DE R. L. DE C.V.

2.      The Seller will give 5 business days notice to Prospective Buyer as to the end date of the validity of this Reservation.   Such notice given shall occur no sooner than 8 days after the execution of the Reservation Agreement.   Extensions of this Reservation by the Seller will be entertained only at the expressed written request of the Prospective Buyer prior to the expiration of the Reservation period.

3.      If Prospective Buyer elects to purchase the Unit after the expiration of the Reservation Period, as extended if applicable, the parties shall have five (5) business days to enter into a promise of trust agreement to purchase the Unit. If Seller and Prospective Buyer do not enter into a promise of trust agreement to purchase the Unit within the five (5) business day period, this Reservation shall automatically terminate. Seller shall have no cancellation rights other than those set forth in this paragraph.

4.      Prospective Buyer may cancel this Reservation at any time before the execution of a promise of trust agreement by delivering written notice of termination to Seller.

5.      No term and/or condition of this Reservation may be modified by any party hereto without the prior written consent of the other party.

CM LA PERLA DE PEÑASCO, S. DE R.L. DE C.V.

BLVD. FREEMONT S/N PLAZA DEL SOL # 5 PUERTO PEÑASCO, SONORA 83550

R.F.C. CPP050628L95 - TEL.: 638-383-8209 FAX: 638-383-0705



6.    Within five business days after this Reservation has been terminated for any reason, Seller shall refund to the Prospective Buyer the Deposit, and neither the Prospective Buyer nor the Seller shall have any obligation to the other arising out of the Reservation.

7.    The parties agree that all notices related to this Reservation shall be made in writing and sent by facsimile transmission with confirmation or special overnight courier with confirmation, such as Fedex or DHL. Changes of address will only be effective when made in writing to the other party.

To Seller:            CM La Perla del Peñasco, S. de R.L. de C.V.
                      Attn: Patrick Clifton
                      Plaza del Sol #5
                      Blvd. Freemont S/N
                      Puerto Peñasco, Sonora, México
                      Facsimile (638) 383-0705
                      Telephone (638) 383-8209

To Prospective Buyer:   Name     _Robert Felland_
                        Address  _PO Box 786_
                                 _Three Lakes, WI 54562_
                        Facsimile _(928) 685-4241_
                        Telephone _(715) 546-2477_

8.    The Prospective Buyer may not assign his/her rights and obligations under this Reservation except with the prior express written consent of Seller.

9.    For all that is related to the interpretation, performance and enforcement of this Reservation, both parties expressly submit themselves to the jurisdiction of the courts of the city of Puerto Peñasco, Sonora, Mexico, expressly waiving any other forum or jurisdiction that may be applicable by reason of Prospective Buyer's nationality or domicile or otherwise. The applicable laws in the State of Sonora, Mexico, will govern this Reservation.

Dated this _February 23rd_ in Puerto Peñasco, Sonora, Mexico.

SELLER:                                    PROSPECTIVE BUYER:

CM La Perla de Peñasco, S. de R.L. de C.V.

_____
Patrick Clifton
Manager

ROBERT WYNTER FELLAND
P.O. BOX 786
THREE LAKES, WI 54562-0786

depoty
000078227
Date 3-8-06

5009

CM LA Perla DE PENASCO. S. PERL PEC V.     $63,000.00

Sixty Three Thousand Dollars

M&I Marshall & Ilsey Bank   7181449

Memo Condo Mexico  # 1201

⑈075000051⑈ 00007⑈68227⑈ 05009 ⑈0006300000⑈

04/03/06
2115206472

| Account Number | 768227 |
| --- | --- |
| Check Number | 5009 |
| Amount | $63,000.00 |
| Posting Date | 2006 Apr 03 |
| Document Type | 30 |
| Tran Code | 800 |
| CPCS Sequence Number | 2115206472 |
| D/C | D |



Page 1 of 2

## Linda Felland

**From:** "Linda Felland" <felland@nnex.net>
**To:** <Jpuckett@cliftonmeridian.com>
**Sent:** Wednesday, April 12, 2006 2:22 PM
**Subject:** Re: signed document/

Jon - we received the signed documents at our Wisconsin address.  I have mailed the 2nd 10% ($68,000) via registered mail to the Scottsdale PO Box today.

Thanks Jon.

Fellands

----- Original Message -----
**From:** Jon Puckett
**To:** felland@nnex.net
**Sent:** Monday, April 10, 2006 6:42 PM
**Subject:** re: signed document/

Linda,

I understand please don't worry.  I gave you a copy of your first check, we don't send a statement out until all 30% is received but I can have something generated for you.

I talked to my developer today and they are sending out the countersigned PTA ASAP.  He was out of town.

We have an office in Scottsdale but not a model, we cannot advertise and sell out of Scotsdale it is illegal to do so.

I don't know where you leave messages but please always call me at 480 678 3657 I will get back to you within hours.

I can give you Patrick's number and you can call him at any time he is the developer.  Please tell Bob I will phone him tomorrow from the model to address any concerns he may have.

Take Care and please don't worry this is a great project and has huge appreciation potential.  I have 168K of my personal money invested in unit 801 I would not sell something I am not invested in.

I hope everything else is well !

Jon

Jon

Jon Puckett
La Perla Del Mar
Plaza Del Sol, #5
Puerto Penasco, Sonora, Mexico

www.laperladelmarinfo.com
U.S. 1 (480) 678-3657
MX (011) 52 638-386-8032
Efax 1-845-625-1073

EXHIBIT

Return-Path: <felland@nnex.net> Mon Apr 10 12:20:06 2006

4/12/2006

Page 2 of 2

Received: from smtp.nnex.net [207.14.77.20] by MAIL39.webcontrolcenter.com with SMTP;
Mon, 10 Apr 2006 12:20:06 -0700
Received: from smtp.nnex.net (localhost [127.0.0.1])
by smtp.nnex.net (Postfix) with ESMTP id B4C9E160165
for <Jpuckett@cliftonmeridian.com>; Mon, 10 Apr 2006 14:20:02 -0500 (CDT)
Received: from Felland (dialup-4.240.6.103.Dial1.Phoenix1.Level3.net [4.240.6.103])
by smtp.nnex.net (Postfix) with ESMTP id CA6461600D7
for <Jpuckett@cliftonmeridian.com>; Mon, 10 Apr 2006 14:20:00 -0500 (CDT)
Message-ID: <001201c65cd3$c28e2c30$6706f004@Felland>
From: "Linda Felland" <felland@nnex.net>
To: <Jpuckett@cliftonmeridian.com>
Subject: signed document/
Date: Mon, 10 Apr 2006 14:19:55 -0500
MIME-Version: 1.0
Content-Type: multipart/alternative;
boundary="----=_NextPart_000_000F_01C65CA9.D7025300"
X-Priority: 3
X-MSMail-Priority: Normal
X-Mailer: Microsoft Outlook Express 6.00.2900.2180
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.2180
X-Virus-Scanned: ClamAV using ClamSMTP
X-SmarterMail-Spam: SPF_None

Hi John - inquiring on the signed "Reservation of Unit" document that we signed and I talked with you about last
week.  Bob is getting uneasy about this transaction, talking about cancelling and I will give you reasons for this:

> No signed documents
> No receipt/verification that we have put down first installment
> We were under the impression you had an office in Scottsdale with model, etc. that we could visit
> Not talking about you, but no return phone messages when we leave them
> Would be nice to talk with the developer or at least know something about him

Anyway, we are very uncomfortable paying under the circumstances.

Put us at ease John and call Bob at 715-546-2477

Fellands

4/12/2006



| | |
|---|---|
| Account Number | 839578 |
| Check Number | 7324 |
| Amount | $68,000.00 |
| Posting Date | 2006 Apr 20 |
| Document Type | 30 |
| Tran Code | 800 |
| CPCS Sequence Number | 2118604148 |
| D/C | D |



EXHIBIT
D



| | |
|---|---|
| Account Number | 839578 |
| Check Number | 7334 |
| Amount | $68,000.00 |
| Posting Date | 2006 May 15 |
| Document Type | 30 |
| Tran Code | 800 |
| CPCS Sequence Number | 2735515366 |
| D/C | D |



EXHIBIT
E