IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. FELLAND,

                Plaintiff,

  v.

PATRICK CLIFTON;
CM LA PERLA DE PEÑASCO, S. DE R.L. DE C.V.,
   a Mexican corporation; and
CLIFTON MERIDIAN LLC,

                Defendants.

ORDER

10-cv-664-slc

---

        On July 18, 2012, this court ordered the parties to arbitrate plaintiff Robert Felland's claims of intentional misrepresentation and rescission arising from a contract that he entered for the construction and purchase of a condominium in a seaside development in Mexico known as La Perla del Mar. Dkt. 77. On March 5, 2014, the arbitrator issued a written order, finding that Felland "failed to prove his claim of intentional misrepresentation against any of the defendants, but that he has a right to a judgment for breach of contract in the amount of his down payment of $204,000 plus pre-judgment interest and costs against defendant CM La Perla." Arbitrator's Decision and Order, dkt. 85, exh. 1. The arbitrator recommended that this court enter judgment to this effect. *Id*.

        Although the parties all agree that this court should enter a judgment confirming the arbitrator's award, *see* dkts. 85, 86, 87 and 91, they do not agree on what it should say. First, Felland opposes Patrick Clifton and Clifton Meridian LLC's request for entry of judgment dismissing the case against them, on the ground that "the arbitrator did not order such dismissal." Plt.'s Response to Def.'s Motion to Confirm Arb. Award, dkt. 86, at 1. This argument borders on frivolous. The arbitrator found that Felland had "failed to prove" his claims against defendants and there is no dispute that the parties' contract called for binding arbitration. Felland does not assert that the

arbitration decision is tainted by any of the grounds for vacating an arbitration award, such as fraud, corruption, partiality or other arbitrator misconduct. *See* 9 U.S.C. § 207 and 9 U.S.C. § 10. The arbitrator heard all of the evidence and issued a clear and unequivocal decision finding no intentional misrepresentation. Clifton and Clifton Meridian LLC are entitled to judgment dismissing Felland's claims against them.[1]

Second, defendant CM La Perla objects to Felland's request that he be awarded $80,300.68 in prejudgment interest. Felland arrived at this amount by using a per diem rate of 5% per annum, calculated from the dates defendants cashed each of the four checks written by Felland towards his total condo down payment of $204,000. *See* Felland's Calculation of Prejudgment Interest, dkt. 87, Exh. A. Although CM La Perla agrees that Felland is entitled to prejudgment interest at a rate of 5% per annum, it disagrees that interest begins accruing on the dates the checks were cashed. According to CM La Perla, interest begins accruing on the date of the breach. This is correct under Wisconsin law.

Wisconsin's courts have identified two reasons for awarding prejudgment interest: 1) to punish the wrongdoer for wrongfully withholding damages legally due; or 2) to compensate the plaintiff for having been deprived of the time value of his money. *Beacon Bowl, Inc. v. Wisconsin Elec. Power Co.*, 176 Wis. 2d 740, 777, 501 N.W. 2d 788, 802 (1993). Neither of these policies is served until the plaintiff is actually damaged. In a breach of contract case, damage occurs when the breach occurs. *Bigley v. Brandau*, 57 Wis. 2d 198, 207-08, 203 N.W. 2d 735 (1973) (awarding prejudgment interest from time of breach); *Thayer v. Hyne*, 259 Wis. 284, 289, 48 N.W.2d 498, 501 (1951)

---

[1] In their reply on their motion to confirm the arbitrator's award, Clifton and Clifton Meridian LLC indicate that if this court enters a judgment of dismissal, then they will seek an award of costs under Rule 54. Dkt. 90, at 3. This prompted Felland to seek leave to reply to such a request. Dkt. 92. I will give Felland a full chance to object to any request for costs if/when defendants actually file one; I will deny as premature his current request.

(same). In this case, the contract was breached on January 31, 2009, when CM La Perla failed to deliver the unit to Felland as promised. Using this as the start date, CM LaPerla owes $51,931.10 in prejudgment interest (as calculated by C.M. La Perla, *see* dkt. 91 at 1).

Finally, I am granting Felland's unopposed request to enter judgment awarding him his costs on appeal in the amount of $1047.60, as mandated by the Seventh Circuit.

ORDER

IT IS ORDERED that:

(1) The motion by defendants Patrick Clifton and Clifton Meridian LLC to confirm the arbitration award and enter judgment of dismissal, dkt. 85, is GRANTED: The clerk of court is to enter judgment dismissing defendants Patrick Clifton and Clifton Meridian LLC;

(2) The motion by plaintiff Robert Felland to confirm the arbitration award and enter judgment against defendant CM La Perla, dkt. 87, is GRANTED IN PART and DENIED IN PART: The clerk of court is to enter judgment against defendant CM La Perla in the amount of $255,931.10, which represents Felland's down payment of $204,000 plus pre-judgment interest in the amount of $51,931.10;

(3) Plaintiff's motion for costs on appeal, dkt. 89, is GRANTED to the extent that all defendants, jointly and severally, shall pay plaintiff $1,047 in costs as assessed by the Court of Appeals for the Seventh Circuit; and

(4) Plaintiff Robert Felland's motion for leave to respond to arguments raised by defendants Clifton and Clifton Meridian LLC regarding costs, dkt. 92, is DENIED WITHOUT PREJUDICE as premature.

Entered this 31st day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3